IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, ) | Civil Action No. 2:24-01208-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Nurse Renee Thompson, Nurse Rastelli, ) | |
| Nurse Pamberton, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. As explained in the undersigned's initial order (Dkt. No. 1), the instant case was severed from Case No. 2:24-cv-0737-RMG-MGB on March 11, 2024 and is limited to Plaintiff's claims against Defendants Nurse Renee Thompson, Nurse Rastelli, and Nurse Pamberton (collectively, "Defendants"), summarized below. Before the Court are Plaintiff's Motions for Temporary Restraining Order.[1] (Dkt. Nos. 25; 27.) For the reasons set forth below, the undersigned recommends Plaintiff's motions be denied.

## BACKGROUND

The following allegations in Plaintiff's Complaint (Dkt. No. 2) pertain to the three Defendants in this action. More specifically, Plaintiff claims that Defendants failed to provide Plaintiff proper medical treatment upon his transfer to Lee Correctional Institution ("Lee") on September 28, 2023. (*Id*. at 17–18.) According to Plaintiff, he arrived at Lee "suffering from extreme rectal bleeding, sharp pains when [he] inhale[d], excruciating pain in [his] left foot, shoulder pains, and knots in [his] throat and appendages that cause[d] excruciating pain." (*Id*. at

---

[1] Pursuant to 28 U.S.C. §636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge.

1

17.) In short, Plaintiff "immediately signed up for sick-call" and made repeated requests for medical attention to the abovenamed defendants, but was never properly seen by the medical staff. (*Id.*) Public record shows that Plaintiff was transferred from Lee to Lieber Correctional Institution on October 23, 2024. *See* https://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000290946; *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites).

As noted above, Plaintiff initially filed the Complaint containing the foregoing allegations on February 13, 2024, in Case No. 2:24-cv-00737-RMG-MGB. On March 11, 2024, the undersigned severed the allegations comprising this portion of the Complaint into the instant lawsuit and construed this action as alleging violations of Plaintiff's Eighth Amendment rights against Defendants Thompson, Rastelli, and Pamberton. (Dkt. No. 1.)

Plaintiff signed his first Motion for Temporary Restraining Order on September 25, 2024 and it was filed on September 30, 2024. (Dkt. No. 25.) Plaintiff signed his second Motion for Temporary Restraining Order on October 9, 2024 and it was filed on October 15, 2024. (Dkt. No. 27.) Defendants filed responses in opposition to both motions (Dkt. Nos. 26; 28), and Plaintiff did not file any reply briefs. Plaintiff's motions are ready for review.

## **STANDARD**

"The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same." *Dyke v. Staphen*, No. 6:18-cv-402-TMC-KFM, 2018 WL 2144551, at *1 (D.S.C. Apr. 19, 2018), *adopted by*, 2018 WL 2136062 (D.S.C. May 9, 2018); *see also Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining

2

order is the same as that applied to motions for preliminary injunction). To obtain a preliminary injunction or a temporary restraining order, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also, Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied in order for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In his first motion signed on September 25, 2024, Plaintiff complains that "the entire population" at Lee was served "spoil/bad food" on September 22, 2024. (Dkt. No. 25 at 1.) Plaintiff alleges that after "throwing up and [having] diarrhea real bad for 4 days," he asked to see "medical." (*Id.*) According to Plaintiff, he was informed by "Capt. Shirrell" that "Nurse Pemberton told [Capt. Shirrell] that it's just food poisoning [and to] let it run its course." (*Id.*) Plaintiff further claims that other staff told him Nurse Pemberton would not allow them to give the inmates any medicine. (*Id.* at 1–2.) Plaintiff asks that he "be seen immediately and DHEC be sent to surprise inspection of the kitchen and the food that they [are] feeding us." (*Id.* at 2.)

In his second motion signed on October 9, 2024, Plaintiff claims that he has "been subjected to numerous retaliatory attacks by SCDC officers due to my lawsuits" and is "being transferred because of my lawsuits." (Dkt. No. 27 at 1.) Plaintiff makes various allegations concerning a "Sgt. Belton" and asks that he not be transferred. (*Id.* at 1–3.) Defendants respond

3

that Plaintiff's unsupported allegations of deliberate indifference and retaliation fail to satisfy the *Winter* factors. (Dkt. Nos. 26; 28.)

Upon review, there is no basis to grant Plaintiff's motions. As an initial matter, Plaintiff's claims in this action stem from Defendants' alleged failure to respond to Plaintiff's repeated requests for medical attention due to, *inter alia*, "extreme rectal bleeding [and] sharp pains" upon his transfer to Lee on September 28, 2023. (Dkt. No. 2 at 17–18.) The issues raised in the instant motions are unrelated to Plaintiff's claims in this action and his motions should be denied for this reason.[2] *See Collins v. Taylor et al*, No. 2:23-cv-01169-RMG-MGB, Dkt. No. 29 at 2–3 (Sept. 6, 2023) (denying Plaintiff's Motion for TRO because "when a party moves for a temporary restraining order on issue outside of the suit, the underlying purpose of the temporary restraining order is absent"); *see also Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 862, 867 (S.D.W. Va. 2014) ("[N]ew claims unrelated to the allegations contained in the complaint cannot serve as the basis for a preliminary injunction.").

Even assuming that the basis of the suit and the sought temporary restraining orders were the same, the undersigned recommends that Plaintiff has failed to make the required showing under *Winter*. First, Plaintiff has failed to show that he will succeed on the merits. Other than conclusory allegations, Plaintiff offers no evidence that his lawsuits were a substantial or motivating factor in the alleged "retaliatory attacks" and his transfer to Lieber. *See Wade v. MacDonald*, No. 7:21-cv-00560, 2022 WL 2532462, at *4 (W.D. Va. July 7, 2022) ("Bare assertions of retaliation are insufficient to state a § 1983 claim. Instead, the inmate must come forward with specific evidence to establish that "'but for the retaliatory motive, the complained [-] of incident . . . would not have

---

[2] The undersigned further notes that Plaintiff has filed a lawsuit against Sgt. Belton on October 10, 2024, stemming at least in part from issues raised in the instant Motion for Temporary Restraining Order. *See Collins v. Williams et al*, No. 2:24-cv-05767-RMG-MGB.

4

occurred.'" (quoting *Brown v. Ratledge*, No. 7:16-cv-303, 2017 WL 4404248 at *7, (W.D. Va. Sep. 29, 2017)).

Further, Plaintiff offers no evidence that any Defendants have been deliberately indifferent to his alleged need for medical treatment for his food poisoning. Without more, the undersigned cannot find Plaintiff has shown he is likely to succeed on the merits of a deliberate indifference claim. *See Griffin v. Mortier*, 837 F. App'x 166, 170 (4th Cir. 2020) ("In the context of a claim related to the denial of medical treatment or a delay in providing such treatment, 'a defendant acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Next, Plaintiff has failed to make a clear showing that he will suffer irreparable harm absent the injunctive relief. On this issue, Plaintiff offers unverified, conclusory allegations. Finally, Plaintiff has failed to establish that the balance of equities tips in his favor, and he has failed to show that an injunction is in the public interest.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motions for a Temporary Restraining Order (Dkt. Nos. 25; 27) be **DENIED**.

**IT IS SO RECOMMENDED.**

December 3, 2024

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).