**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Robbie Collins,<br><br>             Plaintiff,<br>    v.<br><br>Nurse Renee Thompson, Nurse Rastelli, Nurse Pemberton,<br><br>             Defendants. | Case No. 2:24-01208-RMG<br><br>**ORDER** |

      This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 79). Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 2). The Magistrate Judge recommends that Defendants' Motion for Summary Judgment (Dkt. No. 64) be granted.

      For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendants' Motion for Summary Judgment.

**I.    Background**

      Plaintiff filed a complaint against Defendants—nurses at Lee Correctional Facility where Plaintiff received medical care—alleging they displayed deliberate indifference to his medical condition. Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his Eight Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that upon his transfer to Lee Correctional Institution ("Lee") in September 2023 he was experiencing pain in his foot, shoulder, and appendages causing "excruciating pain." (Dkt. No. 2 at 17). Plaintiff alleges he requested to be seen by medical staff at Lee and his request was delayed. (*Id.*). Plaintiff alleges he submitted multiple grievances and that the staff at Lee refused to provide the appropriate medical

procedures. Based on these allegations, Plaintiff alleges a claim for deliberate indifference to serious medical needs under the Eighth Amendment.

Plaintiff filed his cause of action on February 13, 2024. The instant case was severed on March 12, 2024. (Dkt. No. 1). On January 27, 2025, Defendants filed their Motion for Summary Judgment. (Dkt. No. 64). The next day, this Court issued an Order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Motion. (Dkt. No. 66). Plaintiff filed a response in opposition on February 10, 2025 (Dkt. No. 70), and no reply brief was filed. The Magistrate Judge entered the Report & Recommendation on July 7, 2025 (Dkt. No. 79) and Plaintiff filed an objection to the R & R on July 25, 2025 (Dkt. No. 82). The matter is now ready for review.

## II.   Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Fed. R. Civ. P. 56

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, Inc., 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if

the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III. Discussion

Because Plaintiff filed objections, the R & R is reviewed *de novo*.

After a thorough review of the R&R, the applicable law, the record of this case, and Plaintiff's objections—which repeat the alleged factual basis for Plaintiffs' motions—the Court finds that the Magistrate Judge thoroughly addressed the issues and correctly concluded that Defendants are entitled to summary judgment because they demonstrated that Plaintiff failed to state a claim under 42 U.S.C. § 1983.

To state a § 1983 claim, a Plaintiff must show that Defendant, acting under color state law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. In order for a prisoner to state a cognizable claim, the "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976).

To sustain a deliberate indifference claim pursuant to § 1983, a plaintiff must make (1) a subjective showing the officer was deliberately indifferent to his medical needs and (2) an objective showing that those needs were serious. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). To meet the subjective component, the government official must have "actual knowledge of the risk of harm to the inmate" and "the [government official] must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate from his medical needs." *Iko*, 535 F.3d at 241. The subjective prong of a deliberate indifference claim is a "very high standard", and a showing of mere negligence will not meet it. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001). To meet the objective component, a serious medical condition is one that has

been "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017).

The Magistrate correctly concluded that Defendants were entitled to summary judgment on the Plaintiff's medical indifference claim. As detailed at length in the R & R, (Dkt. No. 79, 16-21), the Magistrate Judge found that Plaintiff's medical condition was a "serious" medical condition for purposes of the subjective component of a deliberate indifference claim. (Dkt. No. 79 at 16). However, Plaintiff did not meet the subjective component of his deliberate indifference claim showing that Defendant "recognized that his actions were insufficient to mitigate the risk of harm to the inmate from his medical needs." *Iko*, 535 F.3d at 241. Defendants have put forth evidence showing Plaintiff received appropriate medical treatment for his condition. The evidence shows that Plaintiff submitted a request for medical care, and although security issues prevented the originally scheduled visit, he was seen by Defendant Rastelli two days later. (Dkt. No. 79 at 17). Plaintiff was then scheduled for the appropriate procedure and follow up consultations and received monthly follow up visits from March through August of 2024. (*Id.*). On the facts in evidence, a reasonable person could not find Defendants' conduct so incompetent or inadequate as to sufficiently establish deliberate indifference.

Medical indifference is not the equivalent of medical negligence. A medical indifference claim requires a subjective showing of deliberate indifference and an objective showing that the patient's needs were serious. The record before the Court fails to meet that high standard.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 79) as the Order of the Court and **GRANTS** Defendant's motion for summary judgment (Dkt. No. 64).

**AND IT IS SO ORDERED.**

                                               s/ Richard Mark Gergel
                                              Richard Mark Gergel
                                              United States District Judge

August 21, 2025
Charleston, South Carolina